IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEWIS MICHAEL GEORGE,

    Plaintiff,

    v.                             CASE NO. 19-3067-SAC

MEADE COUNTY, KANSAS, et al.,

    Defendants.

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Lewis Michael George is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Second Amended Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. Plaintiff alleges in his Second Amended Complaint (Doc. 6) that while he was being held in the Meade County Jail in 2012, he was sexually assaulted by his criminal defense attorney while meeting with him in an office space. Plaintiff alleges that when he asked him to stop, he became defensive and told Plaintiff if he said anything about what happened he would make sure his plea bargain option was removed. Plaintiff alleges that he was sexually assaulted by his defense attorney again in a jury room at the Meade County Courthouse on the day of Plaintiff's sentencing. Plaintiff alleges that defense counsel told Plaintiff he may be able to get Plaintiff a better plea deal if Plaintiff was "willing to work for it." Plaintiff alleges that defense counsel then sexually assaulted Plaintiff.

1

Plaintiff was not happy with the sentence he received and threatened to tell the sheriff about the sexual assault.

Plaintiff names as defendants his defense attorney, the prosecuting attorney, the Meade County Sheriff, and the Meade County Courthouse. Plaintiff claims that the prosecuting attorney violated his Eighth Amendment rights by failing to bring to light that his defense counsel was under scrutiny by the Kansas Bar Association. Plaintiff alleges that the Meade County Courthouse violated his rights by providing the room that facilitated the sexual assault there. Plaintiff alleges that the room did not have windows and was not "security friendly." Plaintiff alleges that his defense counsel violated Plaintiff's rights by using his position of power to force Plaintiff into unwanted sexual acts. Plaintiff alleges that the Meade County Sheriff violated his rights by not properly training his deputies to provide proper security checks on attorney/client visits. Plaintiff seeks $250,000 in punitive damages and seeks to have Meade County change its procedures to prevent future sexual assaults.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48

(1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v.*

*Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Defense Attorney

Plaintiff alleges that his defense attorney sexually assaulted him. Plaintiff has not shown that his defense attorney was acting under color of state law as required under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318–19, 321–23 (1981) (assigned public defender is ordinarily not considered a state actor because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009); *Dunn v. Harper County*, 520 Fed. Appx. 723, 725-26, 2013 WL 1363797 at *2 (10th Cir. Apr. 5, 2013) ("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant." (citations omitted)). A criminal defense attorney does not act under color of state law even when the representation was inadequate. *Briscoe v. LaHue*, 460 U.S. 325, 330 n.6 (1983). Plaintiff's claims against his defense attorney are subject

to dismissal for failure to state a claim.

## 2. Prosecuting Attorney

Plaintiff alleges that the prosecuting attorney was aware that defense counsel was under scrutiny by the Kansas Bar Association. Plaintiff does not suggest that the prosecuting attorney knew Plaintiff was in danger of being sexually assaulted. Plaintiff's claims against the county prosecutor fail on the ground of prosecutorial immunity. Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiff's claims concerning his criminal case fall squarely within the prosecutorial function. Plaintiff is directed to show cause why his claims against the county prosecutor should not be dismissed based on prosecutorial immunity.

## 3. Personal Participation

Plaintiff has failed to allege how the Sheriff personally participated in the deprivation of his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Plaintiff alleges that the Sheriff should have trained his staff to check on prisoners in attorney/client meetings.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability

must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949). Plaintiff has failed to allege that the Sheriff acted with the state of mind required to establish a constitutional violation. Plaintiff's claim against the Sheriff is subject to dismissal.

### 4. County Courthouse

Plaintiff names the Meade County Courthouse as a defendant. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). The courthouse is not a suable entity under § 1983. *See Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (unpublished) (holding that the Creek County Criminal Justice Center "is not a suable entity under § 1983"); *Maier v. Wood Cnty. Courthouse*, No. 07-C-580-C, 2007 WL 3165825, at *2 (W.D. Wis. Oct. 24, 2007) (observing that "courthouses are not suable entities because they are not persons capable of accepting service of plaintiff's complaints or responding to them"); *Brock v. Sevier Cnty. Courthouse,* No. 3:06–CV–418, 2007 WL 438735, at *1 (E.D. Tenn. Feb. 6, 2007) (holding that a county courthouse is not a suable entity under 42 U.S.C. § 1983); *Brinton v. Delaware County Adult Parole/Probation Dep't.*, Civ. A. No. 88-3656, 1988 WL 99681, at *1 (E.D. Pa. Sept. 22, 1988) ("A courthouse is not a person within the meaning of

§ 1983."); *Bucano v. Sibum*, No. 3:12-cv-606, 2012 WL 2395262, at *7 (M.D. Pa. June 25, 2012) (county courthouse is not a proper defendant in a § 1983 action). Plaintiff's claims against the Meade County Courthouse are subject to dismissal.

### 5. Statute of Limitations

The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted). The same two-year statute of limitations governs actions under 42 U.S.C. § 1985. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1212 (10th Cir.), *rehearing denied*, 391 F.3d 1155 (10th Cir. 2004), *cert. denied*, 544 U.S. 1044 (2005).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Id.* at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

It plainly appears from the face of Plaintiff's Second Amended Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff filed his Complaint on April 19, 2019. Plaintiff's alleged violations occurred around 2012. It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed). Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling.

## IV. Response Required

Plaintiff is required to show good cause why his Second Amended Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this action without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** that Plaintiff is granted until **March 6, 2020,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Second Amended Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated February 11, 2020, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**