IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LEWIS MICHAEL GEORGE,**

    **Plaintiff,**

    v.                                                     CASE NO. 19-3067-SAC

**MEADE COUNTY, KANSAS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. On February 11, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 7) ("MOSC") directing Plaintiff to show good cause why his Second Amended Complaint (Doc. 6) should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's Response (Doc. 8) and Plaintiff's Motion to Waive Time Bar/Statute of Limitations (Doc. 9).

Plaintiff alleges in his Second Amended Complaint (Doc. 6) that while he was being held in the Meade County Jail in 2012, he was sexually assaulted by his criminal defense attorney while meeting with him in an office space. Plaintiff alleges that when he asked him to stop, he became defensive and told Plaintiff if he said anything about what happened he would make sure his plea bargain option was removed. Plaintiff alleges that he was sexually assaulted by his defense attorney again in a jury room at the Meade County Courthouse on the day of Plaintiff's sentencing. Plaintiff alleges that defense counsel told Plaintiff he may be able to get Plaintiff a better plea deal if Plaintiff was "willing to work for it." Plaintiff alleges that defense counsel then sexually assaulted Plaintiff. Plaintiff was not happy with the sentence he received and threatened to tell the sheriff about the sexual assault.

1

Plaintiff names as defendants his defense attorney, the prosecuting attorney, the Meade County Sheriff, and the Meade County Courthouse. Plaintiff claims that the prosecuting attorney violated his Eighth Amendment rights by failing to bring to light that his defense counsel was under scrutiny by the Kansas Bar Association. Plaintiff alleges that the Meade County Courthouse violated his rights by providing the room that facilitated the sexual assault there. Plaintiff alleges that the room did not have windows and was not "security friendly." Plaintiff alleges that his defense counsel violated Plaintiff's rights by using his position of power to force Plaintiff into unwanted sexual acts. Plaintiff alleges that the Meade County Sheriff violated his rights by not properly training his deputies to provide proper security checks on attorney/client visits. Plaintiff seeks $250,000 in punitive damages and seeks to have Meade County change its procedures to prevent future sexual assaults.

The Court found in the MOSC that Plaintiff has not shown that his defense attorney was acting under color of state law as required under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318–19, 321–23 (1981) (assigned public defender is ordinarily not considered a state actor because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009); *Dunn v. Harper County*, 520 Fed. Appx. 723, 725-26, 2013 WL 1363797 at *2 (10th Cir. Apr. 5, 2013) ("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant." (citations omitted)). A criminal defense attorney does not act under color of state law even when the representation was inadequate. *Briscoe v. LaHue*, 460 U.S. 325, 330 n.6 (1983).

The Court also found that Plaintiff's claims against the county prosecutor fail on the

ground of prosecutorial immunity, and Plaintiff failed to allege how the Sheriff personally participated in the deprivation of his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability).

The Court also found that the Meade County Courthouse is not a suable entity under § 1983. *See Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (unpublished) (holding that the Creek County Criminal Justice Center "is not a suable entity under § 1983"); *Maier v. Wood Cnty. Courthouse*, No. 07-C-580-C, 2007 WL 3165825, at *2 (W.D. Wis. Oct. 24, 2007) (observing that "courthouses are not suable entities because they are not persons capable of accepting service of plaintiff's complaints or responding to them"); *Brock v. Sevier Cnty. Courthouse,* No. 3:06–CV–418, 2007 WL 438735, at *1 (E.D. Tenn. Feb. 6, 2007) (holding that a county courthouse is not a suable entity under 42 U.S.C. § 1983); *Brinton v. Delaware County Adult Parole/Probation Dep't*, Civ. A. No. 88-3656, 1988 WL 99681, at *1 (E.D. Pa. Sept. 22, 1988) ("A courthouse is not a person within the meaning of § 1983."); *Bucano v. Sibum*, No. 3:12-cv-606, 2012 WL 2395262, at *7 (M.D. Pa. June 25, 2012) (county courthouse is not a proper defendant in a § 1983 action).

In his Response, Plaintiff submits his inmate account statement showing that his defense counsel made a $300.00 payment to Plaintiff's account on July 12, 2013. Plaintiff alleges that the payment was made in an attempt to placate Plaintiff into silence. Plaintiff argues that the

professional standards imposed on defense counsel were not sufficient to protect Plaintiff and he should therefore be able to bring this § 1983 action against him, as well as against the prosecuting attorney and Sheriff. However, Plaintiff's claims would still be barred by the statute of limitations.

The Court found in the MOSC that it plainly appears from the face of Plaintiff's Second Amended Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff argues in his motion to waive the statute of limitations, that defense counsel's actions are criminal and the statute of limitations to initiate a criminal action has not run. Plaintiff also alleges that his damages—nightmares, terrors and night sweats—are reoccurring. Plaintiff also alleges that he was not made aware of a course of action to pursue a law suit and he did not have the means, resources, or opportunity to pursue actions until last year. Plaintiff also states that he was made aware that his defense counsel was disbarred and had sexually assaulted other clients as well. Plaintiff felt like it was his responsibility to act to prevent this from happening in the future. Plaintiff asks this Court to waive the statute of limitations for this action.

The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted). The same two-year statute of limitations governs actions under 42 U.S.C. § 1985. *See Alexander v. Oklahoma*, 382 F.3d

1206, 1212 (10th Cir.), *rehearing denied*, 391 F.3d 1155 (10th Cir. 2004), *cert. denied*, 544 U.S. 1044 (2005).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Id.* at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

Plaintiff filed his Complaint on April 19, 2019. Plaintiff's alleged violations occurred around 2012. It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674–75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).

Although the facts alleged by Plaintiff are appalling and reprehensible, the standard for equitable tolling is very narrow. Plaintiff does not allege that he was unaware of the facts supporting his cause of action when they occurred in 2012. The Kansas Court of Appeals has suggested in unpublished decisions that the two-year statute of limitations period can be equitably tolled if a plaintiff "has been pursuing his or her rights diligently and some

'extraordinary circumstance stood in [the] way and prevented timely filing.'" *Caballero v. Wyandotte Cty. Sheriff's Dep't*, 789 F. App'x 684, 686 (10th Cir. 2019) (unpublished) (citing *McClain v. Roberts*, ––– Kan.App. –––, 304 P.3d 364, 2013 WL 3970215, at *3 (Kan. Ct. App. Aug. 2, 2013) (unpublished) (alteration in *McClain*) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 391, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013)); *see also Harris v. Neill*, ––– Kan.App. –––, 216 P.3d 191, 2009 WL 3082642, at *6 (Kan. Ct. App. Sept. 25, 2009) (unpublished)).

Neither pro se status nor a misunderstanding of law and legal procedure are sufficient to establish extraordinary circumstances. "[I]t is well established that ignorance of the law, even for an incarcerated pro se [plaintiff], generally does not excuse prompt filing." *Caballero*, 789 F. App'x at 687 (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted); *see also McClain*, 2013 WL 3970215, at *3 ("[I]gnorance of the law doesn't entitle a person to equitable tolling of the limitations period.")).

Plaintiff has failed to show good cause why his Second Amended Complaint should not be dismissed as barred by the statute of limitations.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Waive Time Bar/Statute of Limitations (Doc. 9) is **denied.**

**IT IS FURTHER ORDERED** that this matter is **dismissed** as barred by the statute of limitations.

**IT IS SO ORDERED**.

**Dated March 17, 2020, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**